**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

KENNETH UEDING,

    Petitioner - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 22-1417
(D.C. No. 1:22-CV-02166-LTB-GPG)
(D. Colo.)

_____

**ORDER**
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Mr. Kenneth Ueding obtained a conviction in state court and asked a federal district court for habeas relief based on the delay in bringing him to trial. The district court denied habeas relief, and Mr. Ueding seeks a certificate of appealability so that he can appeal. 28 U.S.C. § 2253(c)(1)(A). We deny this request.

Mr. Ueding based his habeas claim on both state law and the federal constitution. The district court concluded that (1) habeas relief is unavailable for violations of state law and (2) the constitutional claim is procedurally barred.

For the state-law claim, we consider whether Mr. Ueding has made "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, any reasonable jurist would reject the state-law claim because it doesn't involve a constitutional right. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (stating that habeas relief does not lie for the violation of state law). So the state-law claim doesn't merit a certificate of appealability.

For the constitutional claim, the district court declined to reach the merits based on a procedural default. So here we consider whether a reasonable jurist could debate the applicability of a procedural default. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In our view, the applicability of a procedural default is not reasonably debatable.

A procedural default occurs when "a state court dismisses [a] federal habeas claim on the basis of noncompliance with adequate and independent state procedural rules." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). A state procedural rule is "adequate" if it is "strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (quoting *Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012)). A rule is "independent" "if it relies on state law, rather than federal law, as the basis for the decision." *Simpson v. Carpenter*, 912 F.3d 542, 571 (10th Cir. 2018) (quoting *Banks v. Workman*, 692 F.3d 1133, 1145 (10th Cir. 2012)).

2

Here the federal district court concluded that the state court's application of the plain-error standard constituted an adequate and independent defect. For this conclusion, the district court reasoned that the application of the plain-error standard

- was adequate because it had been evenhandedly applied and

- independent because it had been based on state law.

In seeking a certificate of appealability, Mr. Ueding contests the existence of a procedural default, arguing that application of the plain-error standard was not independent because he had presented a constitutional claim when objecting to joinder.

We disagree with Mr. Ueding's interpretation of his objection in state court. There he argued that joinder would lead to the admission of unfairly prejudicial evidence. Here he's asserting the denial of a speedy trial. Mr. Ueding did not say anything in his objection to joinder that would alert the state courts to a claim involving the denial of a speedy trial. So any reasonable jurist would reject Mr. Ueding's reliance on his objection to joinder in state court. *See Finlayson v. State*, 6 F.4th 1235, 1241 (10th Cir. 2021) (concluding that when a state court recognizes or assumes a constitutional error but denies relief because the error is not plain, the plain-error standard "serves as an independent state rule" for purposes of procedural default).

Given the procedural bar, we could consider the merits of the claim only if Mr. Ueding satisfies the requirements for one of two exceptions: (1) cause and prejudice or (2) a fundamental miscarriage of justice based on actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Ueding has not invoked either exception.

We thus deny Mr. Ueding's request for a certificate of appealability and dismiss the appeal.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] Mr. Ueding also requests leave to proceed in forma pauperis and release on his own recognizance pending the appeal. We grant leave to proceed in forma pauperis, but our dismissal moots the request for release pending the appeal.